DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| PATRICIA L. WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 2016-90 |
| | ) | |
| MICHAEL ROY SWIFT, MIKE'S | ) | |
| CHARTER, LLC, S/V "RESTLESS | ) | |
| HEART," a/k/a "SALVATION," HER | ) | |
| ENGINE, TACKLE, RIGGING, APPAREL | ) | |
| AND APPURTENANCES, *IN REM*, | ) | |
| ROBERT KASSNER d/b/a ISLAND | ) | |
| MARINE AND INDUSTRIAL SERVICES, | ) | |
| RALPH MILLS, | ) | |
| Defendants. | ) | |

**ATTORNEYS:**

**Patricia L. Washington**
    *Pro se plaintiff,*

**Mark Alan Kragel**
Bolt Nagi PC
St. Thomas, U.S.V.I.
    *For Michael Roy Swift and Mike's Charter, LLC,*

**Gregory H. Hodges**
Dudley Topper & Feuerzeig
St. Thomas, U.S.V.I.
    *For Robert Kassner d/b/a Island Marine and Industrial Services.*

<u>**MEMORANDUM OPINION**</u>

**GÓMEZ, J.**

    Before the Court is the motion of Robert Kassner d/b/a Island Marine and Industrial Services to dismiss Patricia L. Washington's complaint.

## I. FACTUAL AND PROCEDURAL HISTORY

At all times relevant to this matter, Patricia Lynn Washington ("Washington") was the Master and Captain of the Restless Heart, a 43.1 foot sailing vessel. During the evening of January 16, 2016, while Washington was navigating the Restless Heart, the Restless Heart's engine failed. The vessel became stuck in sand near Benner Bay in St. Thomas, U.S.V.I. Thereafter, Washington contacted Robert Kassner d/b/a Island Marine and Industrial Services ("Kassner") to request his assistance recovering the Restless Heart. Kassner agreed to assist Washington in recovering the vessel.

After several attempts, Kassner was ultimately able to free the vessel from the sand and tow it to a dock the next day. Kassner and Washington both attempted to contact the Restless Heart's owner, Michael Roy Swift ("Swift"). Swift did not return their calls or otherwise respond to their messages. Subsequently, Kassner posted several notices in the Virgin Islands Daily News identifying the Restless Heart as an abandoned vessel. The notices yielded no responses. Since recovering the Restless Heart, Kassner has stored and maintained the vessel.

On October 17, 2016, Kassner filed a verified complaint in this Court, which was docketed as Case Number 3:16-cv-83 (the

"Kassner action"). The Kassner action alleged an *in rem* action against the Restless Heart itself, as well as an *in personam* action against Swift and his company, Mike's Charter, LLC ("Mike's Charter"). Kassner's complaint alleged three counts: salvage, maritime lien, and unjust enrichment.

On October 19, 2016, the Magistrate Judge issued a warrant for the maritime arrest of the Restless Heart. The United States Marshals executed the warrant on October 21, 2016, and arrested the vessel.

On November 4, 2016, Washington filed a document in the Kassner Action captioned "Answer to Complaint." That document alleged that Washington has a lien on the Restless Heart for crew wages and asserts a "Counterclaim and Joinder Claim" asking the Court to both (1) dismiss the Kassner action; and (2) join Washington as a party to Kassner's complaint.

Also on November 4, 2016, Washington filed the instant complaint in Docket Number 3:16-cv-90 (the "Washington action"). In her complaint, Washington alleges that on January 6, 2016, Swift agreed to pay Washington to serve as Master and Captain of the Restless Heart. Washington alleges that (1) Swift failed to compensate Washington as agreed; (2) Swift failed to reimburse Washington for expenses that Swift had agreed to cover; and (3) Washington lost other income as a result of the Restless Heart's

abbreviated voyage. The remainder of Washinton's allegations mirror those of Kassner's complaint.

Washington's complaint asserts claims for wages, expenditures, and loss of income. Washington asks the Court to issue a warrant for the arrest of the Restless Heart, enter a judgment *in rem* against the Restless Heart, declare that Washington has a Maritime Lien against the vessel, and order the vessel sold to satisfy Washington's judgment.

On November 23, 2016, Kassner moved to strike Washington's answer in the Kassner action. On December 16, 2016, the Magistrate Judge granted Kassner's motion. The Magistrate held that Washington had failed to comply with the Court's local rules governing admiralty cases and the Federal Rules of Civil Procedure. Accordingly, the Magistrate struck Washington's answer, as well as several motions Washington had filed, from the record in the Kassner action.

Kassner now moves to dismiss the Washington action.

## II.  DISCUSSION

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.,* 618 F.3d 300, 314 (3d Cir. 2010). The Court must accept as true all of the factual

allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party. *Alston v. Parker,* 363 F.3d 229, 233 (3d Cir. 2004).

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007).

The Supreme Court in *Bell Atlantic v. Twombly,* 550 U.S. 544 (2007), set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual pleadings "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts "'merely consistent with' a defendant's liability, . . . 'stops short of the line between possibility and plausibility of

"entitlement of relief." ' " *Id.* (citing *Twombly,* 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal,* 556 U.S. at 674, 679).

### III. <u>ANALYSIS</u>

"Maritime liens arise for the unpaid provision of necessaries, breaches of maritime contracts, unpaid seaman's wages, unpaid cargo freight, preferred ship mortgages, as well as in other circumstances." *Ventura Packers, Inc. v. F/V JEANINE KATHLEEN*, 305 F.3d 913, 919 (9th Cir. 2002). "When a maritime lien arises, it 'confers upon its holder such a right in the thing he may subject it to condemnation and sale to satisfy his claim or damages.'" *Ventura Packers, Inc. v. F/V JEANINE KATHLEEN*, 424 F.3d 852, 858 (9th Cir. 2005) (alterations

omitted) (quoting *The Rock Island Bridge,* 73 U.S. 213, 215 (1867)).

Supplemental Rule C of the Federal Rules of Civil Procedure ("Rule C") provides the mechanism for commencing and prosecuting an *in rem* action to enforce a maritime lien. *See Petroleos Mexicanos Refinacion v. M/T KING A*, 554 F.3d 99, 103 (3d Cir. 2009) ("Supplemental Rule C permits an action *in rem* 'to enforce any maritime lien.'" (alteration omitted) (quoting Rule C(a)(a))). To bring an *in rem* action, "the complaint must: (a) be verified; (b) describe with reasonable particularity the property that is subject of the action; and (c) state that the property is within the district or will be within the district while the action is pending." Rule C(2). If, after reviewing the complaint, the Court is satisfied that "the conditions for an *in rem* action appear to exist, the court must issue an order directing the clerk to issue a warrant for the arrest of the vessel." Rule C(3)(a)(i).

Another party claiming a lien on the vessel "that is subject of the action must file a verified statement of right or interest" with the court that "describe[s] the interest in the property that supports the person's demand for its restitution." Rule C(6)(a)(i)-(ii). Further, within 21 days of filing their

statement of interest or right, that party must serve an answer to the original complaint. Rule C(6)(a)(iv).

Local Rule of Admiralty E.10 (LRA E.10) provides further instruction to third parties asserting an interest in a vessel that has already been arrested in an *in rem* action. Under LRA E.10, "[w]hen a vessel . . . has been arrested . . . and is in the hands of the marshal or custodian substituted therefore, anyone having a claim against the vessel . . . is required to present the claim as an intervening complaint under Fed. R. Civ. P. 24, and not by filing an original complaint." LRA E.10(1).

Here, Kassner commenced an *in rem* action against the Restless Heart in Docket Number 3:16-cv-83 on October 17, 2016. The Restless Heart was arrested by the United States Marshalls on October 21, 2016. Washington claims an interest in that vessel. On November 4, 2016, Washington attempted to commence a separate *in rem* action against the Restless Heart by filing the instant original complaint.

This procedural posture is inconsistent with the requirements of LRA E.10. With the Restless Heart already arrested, Washington is not permitted to assert her claim on that vessel "by filing an original complaint." *See* LRA E.10(1). Rather, Washington must "present [her] claim as an intervening complaint under Fed. R. Civ. P. 24." *See id.*

    Accordingly, the Court will grant the motion to dismiss and dismiss Washington's complaint. To the extent she wishes to do so, Washington may assert the claims she attempted to raise in this action by filing the appropriate documents in the Kassner action in accordance with the requirements of Rule C and LRA E.10.

    An appropriate Judgment follows.

                                         S\_____
                                            **Curtis V. Gómez**
                                            **District Judge**